IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THOMAS K. JENKINS | * |
|     Plaintiff, | |
| v. | *   CIVIL ACTION NO. JFM-16-433 |
| | |
| PRINCE GEORGE'S COUNTY POLICE | * |
|   DEPARTMENT District 4 Substation | |
| DIANE MAY | * |
| DAVID RENAER | |
| TARA C. MATTINGLY | * |
| ANDREW J. MCKENNEY | |
| DET. GROSS | * |
| QUEEN ANNE'S COUNTY SHERIFF'S | |
|   OFFICE | * |
| DEPUTY STEVEN W. MATTHEWS | |
|     Defendants. | * |

*****

## MEMORANDUM

On December 21, 2015, the above captioned complaint was accepted for filing in the United States District Court for the District of Columbia.[1] Plaintiff Thomas K. Jenkins ("Jenkins"), who is confined at the Queen Anne's County Detention Center, alleges that on March 9, 2015, he was falsely arrested and interrogated by a number of law enforcement officers in many jurisdictions and almost "mercury poisoned." ECF No. 1. Jenkins further claims that the officers falsified official documents (a "fake" warrant) to "steal" property from a dwelling in the District of Columbia without the landlord's authority and used the identical method to "break and enter" into his Montgomery County Maryland public storage bin in an attempt to convict him of burglary charges.[2] *Id.* He seeks

---

[1] The complaint was date stamped as received in that court on November 12, 2015.

[2] The state court docket in Prince George's County Maryland shows that Jenkins was charged with numerous counts of burglary, malicious destruction, firearm and ammunition possession, and handgun counts with an offense date of March 9, 2015. *See States v. Jenkins*, Case No. CT150572K (Circuit Court for Prince George's County). In September of 2015, Jenkins was released on those charges only. On November

$7,000,000.00 in nominal, punitive, and monetary damages. The complaint was construed as a prisoner civil rights and on January 19, 2016, was ordered transferred to this court by United States District Judge Beryl A. Howell. ECF No. 6. The complaint was received for filing on February 17, 2016.

Jenkins has filed motions for leave to proceed in forma pauperis and for issuance of subpoenas. Because he appears indigent, his indigency motion shall be granted. His 42 U.S.C. § 1983 cause of action shall be summarily dismissed.

Claims "fall[ing] within the 'core' of habeas corpus ... [are] not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Specifically, to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." *Thigpen v. McDonnell*, 273 Fed. Appx. 271, 272 (4th Cir. 2008) (per curiam) (unpublished). *Heck* applies to pretrial detainees. See *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir. 1999) (applying *Heck* to pretrial detainee's claim seeking damages for an alleged illegal search and seizure in violation of the Fourth Amendment); *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000) ("*Heck* applies to pending criminal charges, and ... a claim, that if

---

4, 2015, he was charged with a number of burglary counts in the Circuit Court for Queen's Anne's County arising from a criminal warrant issued in the District Court on March 14, 2015. *See State v. Jenkins*, 17K15009900 (Circuit Court for Queen Anne's County). *See*

successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). *see also Adams v. Morris*, No. 03–5413, 90 Fed. Appx. 856 (6th Cir. Jan. 29, 2004) (applying *Heck* to a pretrial detainee's alleged violation of his Sixth Amendment right to counsel).

It is clear that Jenkins contends that the pending criminal charges against him are invalid; thus, he must challenge the legitimacy of the charges against him as part of his state criminal action. *See, e.g., Ballenger v. Owens*, 352 F.3d 842, 845–46 (4th Cir. 2003); *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

Alternatively, the court finds that because Jenkins' criminal case is pending, abstention is necessary. The abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971), establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders*, 304 Fed. Appx. 814, 816 (11th Cir. 2008) (per curiam). The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." 401 U.S. at 43; *see also Herrera v. Safir*, 17 Fed. Appx. 41, 42 (2nd Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by Younger because

---

http://casesearch.courts.state.md.us/casesearch//inquiry-index.jsp.

his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

Jenkins has not alleged that the pending state court proceedings regarding the charges made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims. He may vindicate his constitutional rights in the ongoing state court proceedings. Dismissal of the complaint is appropriate as Jenkins' claims are not cognizable in a 42 U.S.C. § 1983 action at this time. A separate Order follows dismissing this case without prejudice.

Date: 2/-9/16

J. Frederick Motz
United States District Judge

DEPUTY
CLERK'S OFFICE
AT BALTIMORE
2016 FEB 24  AM 11:44
U.S. DISTRICT COURT
DISTRICT OF ...
FILED